## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jessicca Spurck, individually and on behalf of all others similarly situated, | 7:21-cv-05506 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Demet's Candy Company, LLC, | |
| Defendant | Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      Demet's Candy Company, LLC ("defendant") manufactures, labels, markets and sells pretzels purporting to be covered in white fudge under the Flipz brand ("Product").



2.      The representation as "White Fudge [Covered Pretzels]" is false, deceptive and misleading because it lacks the type and amounts of ingredients consumers expect in fudge.

## I.    DEFINITIONS OF FUDGE

3.    Fudge "is a type of sugar candy that is made by mixing sugar, butter and milk."[1]

4.    Though fudge can have almost any flavor, milk fat – typically in the form of butter – is the central component.

5.    An 1893 recipe for fudge called for "Four cups granulated sugar; one cup cream; one cup water; one-half cake chocolate; one-half Cup butter."[2]

6.    In 1896, The Los Angeles Times published the original fudge recipe by the Vassar students credited with first making fudge: "Two cups of sugar, one cup of milk, a piece of butter one-half the size of an egg" and added flavoring.[3]

7.    A 1902 fudge recipe from Mrs. Rorer's New Cook Book includes:[4]

> 4 ounces of chocolate
> 2 cups of sugar
> 1 teaspoonful of vanilla
> 1/2 cup of milk
> 1 rounding tablespoonful of butter

8.    The role and expectation of milk fat in fudge is not an antiquated or anachronistic concept, which disappeared with the advent of industrial food production.

9.    Molly Mills, one of the leading authorities on fudge, recently described it as made "most commonly from butter, milk, sugar, and chocolate."[5]

10.    The Oxford Companion to Sugar and Sweets notes that:

---

[1] Wikipedia contributors. "Fudge." *Wikipedia, The Free Encyclopedia*. Wikipedia, The Free Encyclopedia, 5 Jan. 2021. Web. 8 Jan. 2021.
[2] Mrs. J. Montgomery Smith, of Wisconsin, Alternate Lady Manager.
[3] Los Angeles Times, "'Fudges' Are Vassar Chocolates," May 11, 1896, p.2.
[4] Sarah Tyson Rorer [Arnold and Company: Philadelphia] 1902, p. 629.
[5] Molly Mills, Come Get Your Fudge: 40 Tasty and Creative Fudge Recipes for Everyone, Amazon Digital Services LLC, June 11, 2019.

Traditionally, fudge is made by gently boiling granulated sugar and milk to the soft-ball stage (234° to 240°F/ 112° to 115°C); adding butter; cooling the mixture somewhat (120°F/49°C); then beating until thick, creamy, and less glossy.[6]

11.    In the encyclopedic work, An A-Z of Food and Drink, the author describes fudge as "a sort of soft, somewhat toffee-like sweet made by boiling together sugar, butter, and milk."[7]

12.    Dictionaries confirm the definitions held by confectionery experts.

13.    Google Dictionary – based on its leading search engine that discovers the most relevant and accurate information – defines fudge as "a soft candy made from sugar, butter, and milk or cream."[8]

14.    The Cambridge Dictionary defines fudge as "a soft sweet made from sugar, butter, and milk."[9]

15.    Collins Dictionary defines fudge as "a soft brown candy that is made from butter, cream, and sugar."[10]

16.    Dictionary.com defines fudge as "a soft candy made of sugar, butter, milk, chocolate, and sometimes nuts."[11]

17.    Macmillan Dictionary defines fudge as a "soft brown sweet food made from sugar, butter, and milk or cream."[12]

18.    A leading treatise on confectionary science and technology offers a model commercial formulation for fudge which includes between eight and sixteen percent butter and between twelve and twenty percent sweetened condensed milk.

---

[6] Goldstein, Darra, and Sidney Mintz. The Oxford companion to sugar and sweets. Oxford University Press, 2015.
[7] John Ayto, An A-Z of Food and Drink, Oxford University Press, 2002, p. 133.
[8] Fudge definition – Google search.
[9] Cambridge Dictionary, fudge.
[10] Collins Dictionary, fudge.
[11] Dictionary.com, fudge.
[12] Macmillan Dictionary, fudge.

**Table 10.1**   Typical batch formulations (in %) for caramel, fudge and toffee

|  | Commercial caramel (ungrained) | Caramelized sugar caramel | Fudge | English toffee (American) |
|---|---|---|---|---|
| Water | 15–25 | 0 | 10–15 | 8–10 |
| Sucrose | 10–20 | 55–65 | 30–50 | 45–55 |
| Glucose syrup (42 DE) | 36–46 | 0–5 | 10–20 | 0 |
| Sweetened condensed milk[a] | 20–40 | 0 | 12–20 | 0 |
| Cream | 0 | 25–35 | 0 | 0 |
| Butter[b] (fat) | 5–15 | 6–12 | 8–16 | 40–50 |
| Fondant | 0 | 0 | 3–5 | 0 |
| Chocolate liquor/cocoa powder | 0 | 0 | 0–10 | 0 |
| Salt | 0.2–0.5 | 0.2–0.5 | 0.2–0.5 | 0.3–0.6 |
| Vanilla | 0.1–0.3 | 0.1–0.3 | 0.1–0.3 | 0.1–0.3 |
| Lecithin | 0–0.4 | 0–0.4 | 0–0.4 | 0.25–0.45 |
| Nuts (unroasted) | 0 | 0 | 0–12 | 6–12 |

[a]Other dairy ingredients might include evaporated milk or dried milk powder
[b]Salted butter needed for toffee

## II.   FAT INGREDIENTS ARE ESSENTIAL TO FUDGE

19.   The quality of fudge depends on the amount and type of fat-contributing ingredients.[13]

20.   The small droplets of fat are dispersed throughout the candy mass, providing lubricity and impart desirable flavor release.

21.   If the fat content of fudge is too high, it can lead to oil separation and a greasy texture.[14]

22.   The fat ingredients are typically from dairy or vegetable oils.

23.   The dairy ingredients are based on milk fat, mainly added through butter, which is 80% milkfat.

24.   Other dairy ingredients like milk and milk derivatives may be added as well.

25.   Vegetable oil ingredients include palm kernel and palm oil, which are solid at room temperature.

---

[13] International Dairy Federation, Bulletin, 1982.
[14] Hartel R.W., von Elbe J.H., Hofberger R. (2018) Caramel, Fudge and Toffee. In: Confectionery Science and Technology. Springer, Cham. https://doi.org/10.1007/978-3-319-61742-8_10

26.     These ingredients are referred to as "hard [vegetable] fats" or vegetable fats.

## III.   EFFECT OF DIFFERENT FAT INGREDIENTS

27.     Milk fat melts at about mouth temperature (35 °C/95 °F) and has a moderate solid fat content at room temperature.

28.     The melt temperature ensures that milk fat melts in the mouth and does not contribute to a waxy sensation.

29.     When butter is when heated in a sugar matrix, the result is cooked butter flavors that enhance the creamy taste of fudge by releasing volatile compounds like ketones and aldehydes, and its texture of fudge, and, which contribute to desirable aromas and taste.

30.     Dairy ingredients impart a creamy, rich taste to fudge, because milk fat contain hundreds of lactones, aroma compounds which contribute to its taste.

31.     Alternatives to milk fat – such as vegetable oils – do not melt at mouth temperature and leave a waxy mouthfeel.

32.     Vegetable fats do not contribute to the flavor of fudge, because they are theoretically "refined, bleached and deodorized."

33.     However, these ingredients are subject to reversion where they can contribute off-odors to foods.

34.     One popular recipe website echoes these sentiments, advising, "When making fudge, be sure to use good quality butter and do not substitute margarine (vegetable oils)," since they contain more water and can prevent the fudge from setting up properly.[15]

35.     Another site cautions, "Look for recipes that call for butter instead of margarine

---

[15] Use Real Butter For Making Best Fudge, RecipeTips.com.

(vegetable oils)."[16]

36.     One chef recommends to "Never use margarine (vegetable oils) instead of butter [in fudge], because your fudge won't taste as good and will have a shorter shelf life."[17]

37.     Vegetable fats are often balanced with milk fat in fudge "to reduce costs."

## IV.   FUDGE LACKS AMOUNT AND TYPE OF DAIRY INGREDIENTS

38.     When consumers observe the representation "[White] Fudge," they will expect it contains ingredients which are essential to fudge.

39.     However, the Product lacks the type and amount of dairy and milk fat ingredients essential to fudge – *viz*, butter – and substitutes vegetable oils.



**INGREDIENTS:** SUGAR, ENRICHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE [VITAMIN B1], RIBOFLAVIN [VITAMIN B2], FOLIC ACID), VEGETABLE OIL (PALM KERNEL OIL AND HYDROGENATED PALM OIL), MILK, SKIM MILK POWDER, SOY LECITHIN (EMULSIFIER), CORN SYRUP, SALT, ARTIFICIAL FLAVOR, YEAST, MALTED BARLEY FLOUR, LEAVENING (SODIUM BICARBONATE).

40.     Since the ingredients for the food are listed together, i.e., the pretzel and coating are not identified separately, it is necessary to identify the ingredients which correspond to each.

41.     This task is made easier because the ingredient list previously identified the white fudge component separately.

---

[16] Easy Fudge Making Tips, The Happy Housewife.
[17] Calico Ingredients 101, Fudge Mix: Pre-measured ingredients, Calico Cottage.

INGREDIENTS: WHITE FUDGE (SUGAR, PARTIALLY HYDROGENATED PALM KERNEL AND PALM OILS, MILK, NONFAT MILK, SOY LECITHIN, ARTIFICIAL FLAVOR), ENRICHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID), CORN SYRUP, SOY LECITHIN, SALT, YEAST, BARLEY MALT (BARLEY, WHEAT FLOUR, DEXTROSE), SODIUM BICARBONATE.

**INGREDIENTS:** WHITE FUDGE (SUGAR, PARTIALLY HYDROGENATED PALM KERNEL AND PALM OILS, MILK, NONFAT MILK, SOY LECITHIN, ARTIFICIAL FLAVOR), ENRICHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID), CORN SYRUP, SOY LECITHIN, SALT, YEAST, BARLEY MALT (BARLEY, WHEAT FLOUR, DEXTROSE), SODIUM BICARBONATE.

42.    By matching the ingredients in the prior version of the ingredient list for the combination white fudge component with the current ingredient list, the white fudge in the Product is presently comprised of the ingredients below, in order of predominance by weight:

> Sugar
>
> Vegetable Oil (Palm Kernel Oil And Hydrogenated Palm Oil)
>
> Milk
>
> Skim Milk Powder
>
> Soy Lecithin (Emulsifier)
>
> Artificial Flavor

43.    However, the fat content in the Product's fudge is not balanced between vegetable fats and dairy ingredients.

44.    First, the fudge contains more vegetable fat ingredients than dairy ingredients.

45.    Vegetable oil is listed ahead of milk and skim milk powder on the ingredient list.

46.     While the amount of milk and skim milk powder could exceed the quantity of vegetable oil, upon information and belief, and/or an examination of the Nutrition Facts below, the vegetable oil components are present in greater amounts than milk and skim milk powder.



47.     Milk contains approximately 12-13% solids and is 87-88% water.

48.     This includes between 3.5-3.8% milk fat.

49.     Skim milk powder is obtained by removing the water from skim milk.

50.     The result is a food with between 0.6-1.25% fat, which is only 0.8 g per 100 g.

51.     Based in part on an analysis of the Nutrition Facts, the fat content of the Product comes almost exclusively from the vegetable oil ingredients.

## V.     SUBSTITUTION OF MILK FAT INGREDIENTS NOT EXPECTED IN PRODUCT REPRESENTED AS FUDGE

52.     Reasonable consumers are misled by the Product's representation as fudge because they expect this food to have a non-*de-minimis* amount of milkfat – typically from butter – instead of (hardened) vegetable oil fats.

53.     The absence of milk fat ingredients and their substitution with vegetable oils means the resulting "fudge" provides less satiety, has a waxy and oily mouthfeel and leaves an aftertaste.

54.     Consumption of vegetable oils is linked to numerous health problems, like increased chances of heart disease and increased cholesterol.

55.     Consumption of milk fats, like butter, does not have the same negative effects on cholesterol.

56.     Milk fat ingredients also contain the fat-soluble vitamins A, D, E, and K, which are absent from hardened vegetable fats.

## VI.  DEFENDANT SELLS SIMILAR PRODUCTS WHICH CONTAIN THE PROMISED INGREDIENTS

57.     Defendant sells other pretzels, including one covered in "Milk Chocolate."



58.     The Milk Chocolate product contains milk chocolate ingredients.

## VII.  CONCLUSION

59.     Reasonable consumers must and do rely on a company to honestly identify and describe the components, attributes and features of the Product, relative to itself and other comparable products or alternatives.

60.     The value of the Product that plaintiff purchased was materially less than its value as represented by defendant.

61.     Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

62.     Had Plaintiff and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

63.     The Product is sold for a price premium compared to other similar products, $2.99 for a 5 OZ bag, a higher price than it would otherwise be sold for, absent the misleading representations and omissions.

<u>Jurisdiction and Venue</u>

64.     Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

65.     Upon information and belief, the aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

66.     Plaintiff Jessicca Spurck is a citizen of New York.

67.     Defendant Demet's Candy Company, LLC is a Delaware corporation with a principal place of business in Stamford, Fairfield County, Connecticut and upon information and belief, at least one member of defendant is not a citizen of the same state as the plaintiff.

68.     The parties are citizens of different states.

69.     Venue is in this district because a substantial part of the events or omissions giving rise to the claim occurred here, Plaintiff's purchase and awareness that the representations were misleading.

Parties

70.     Plaintiff Jessicca Spurck is a citizen of Poughkeepsie, Dutchess County, New York.

71.     Defendant Demet's Candy Company, LLC, is a Delaware corporation with a principal place of business in Stamford, Connecticut, Fairfield County.

72.     Defendant is the subsidiary of a Turkish confectionery conglomerate, which operates numerous United States brands.

73.     The Flipz brand of covered pretzels are the market leader for this product.

74.     The Product, and other varieties, are ubiquitous, sold throughout New York in grocery stores, convenience stores, big box stores, gas station stores, warehouse stores, and are available online.

75.     Plaintiff bought the Product on one or more occasions within the statute of limitations for each cause of action alleged, from stores including at ShopRite, 1895 South Rd Suite 3B, Poughkeepsie, NY 12601, between November and December 2020.

76.     Plaintiff bought the Product at or exceeding the above-referenced price.

77.     Plaintiff relied on the representations identified here.

78.     Plaintiff realizes snacks, like the Product, are an indulgence.

79.     However, Plaintiff relied on the label which promised pretzels covered in fudge, instead of the generic term, "coating."

80.     Plaintiff did not expect that a product labeled as fudge would replace the essential fudge ingredients with vegetable oils.

81.     Plaintiff would not have purchased the Product if she knew the representations were false and misleading.

82.     Plaintiff chose between Defendant's Product and other similar products which were

11

represented similarly, but which did not misrepresent their attributes and/or lower-priced products which did not make the claims made by Defendant.

83.     The Product was worth less than what Plaintiff paid and she would not have paid as much absent Defendant's false and misleading statements and omissions.

84.     Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations are consistent with its composition.

Class Allegations

85.     The class will consist of New York residents who purchased the Product during the statutes of limitations for each cause of action alleged.

86.     Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

87.     Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

88.     Plaintiff is an adequate representative because her interests do not conflict with other members.

89.     No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

90.     Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

91.     Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

92.     Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350

(Consumer Protection Statute)

93.   Plaintiff incorporates by reference all preceding paragraphs.

94.   Plaintiff and class members desired to purchase a product which contained fudge, understood as being comprised of a non-de minimis amount of milk fat ingredients, instead of mostly vegetable oils.

95.   Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

96.   Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

97.   Plaintiff relied on the representations.

98.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

99.   The Product was manufactured, labeled and sold by defendant and expressly and impliedly warranted to plaintiff and class members that it contained fudge, understood as being comprised of a non-de minimis amount of milk fat ingredients, instead of mostly vegetable oils.

100.   Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

101.   This duty is based on Defendant's outsized role in the market for this type of Product – the leading seller of coated pretzels.

102.   Plaintiff provided or will provide notice to defendant, its agents, representatives,

retailers and their employees.

103.  Defendant received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices.

104.  The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because they were not fit to pass in the trade as advertised.

105.  Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Negligent Misrepresentation</u>

106.  Defendant had a duty to truthfully represent the Product, which it breached.

107.  This duty is based on defendant's position, holding itself out as having special knowledge and experience this area, as custodians of the Flipz brand, and part of an international conglomerate.

108.  The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, an iconic brand.

109.  Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

110.  Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

111.  Defendant misrepresented and/or omitted the attributes and qualities of the Product, that they contained fudge, understood as being comprised of a non-de minimis amount of milk fat

ingredients, instead of mostly vegetable oils

112.  Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations.

Unjust Enrichment

113.  Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   June 23, 2021

                                                Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan

60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com