**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| Jessicca Spurck, individually and on behalf of all others similarly situated, |
| Plaintiff, |
| -against- |
| Demet's Candy Company, LLC, |
| Defendant. |

Case No. 7:21-cv-05506-NSR

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

FOLEY HOAG LLP

August T. Horvath
(*ahorvath@foleyhoag.com*)
1301 Sixth Avenue, 25th Floor
New York, New York 10019
Tel:  (646) 927-5500
Fax:  (646) 927-5599

*Attorneys for Star Brands North America, Inc.*

## TABLE OF CONTENTS

INTRODUCTION ...............................................................................................................1

FACTUAL BACKGROUND...............................................................................................2

ARGUMENT ......................................................................................................................4

I.      Plaintiff Fails to Allege a Plausible Deception ......................................................4

        A.      Legal Standard ...........................................................................................4

        A.      Plaintiff Has No Factual Basis for His Allegations about the Product's Label
                Representations nor the Expectations Reasonable Consumers May Derive
                from It ........................................................................................................5

        B.      No Reasonable Consumer Would Believe that "Fudge" Constitutes a Specific
                Ingredient Claim from a Legal Standpoint ...............................................6

II.     Plaintiff Has No Standing to Seek Injunctive Relief ............................................9

III.    Plaintiff's Ancillary Causes of Action are Improperly Pled and/or Inappropriate ...........11

        A.      Plaintiff Fails to State a Claim for Negligent Misrepresentation...........11

        B.      Plaintiff Fails to State a Claim for Breach of Express Warranty or Implied
                Warranty of Merchantability...................................................................12

        C.      Plaintiff Fails to State a Claim for Fraud ...............................................14

        D.      Plaintiff Fails to State a Claim for Unjust Enrichment ..........................15

CONCLUSION..................................................................................................................16

i

# TABLE OF AUTHORITIES

## CASES

*Ackerman v. Coca-Cola Co.,*
   No. 09-CV-0395, 2010 U.S. Dist. LEXIS 73156
   (E.D.N.Y. July 21, 2010) ................................................................................. *passim*

*Alce v. Wise Foods, Inc.,*
   No. 17 Civ. 2402 (NRB), 2018 U.S. Dist. LEXIS 54009
   (S.D.N.Y. Mar. 27, 2018) ........................................................................................ 10

*Barreto v. Westbrae Natural, Inc.,*
   No. 1:19-cv-09677 (PKC), 2021 U.S. Dist. LEXIS 3436
   (S.D.N.Y. Jan. 7, 2021) ............................................................................................. 7

*Basis Yield Alpha Fund (Master) v. Goldman Sachs Grp., Inc.,*
   115 A.D.3d 128 (App. Div. 2014) ........................................................................... 12

*Berni v. Barilla S.p.A., et al. v. Schulman,*
   No. 19-cv-1921, 2020 U.S. App. LEXIS 21167 (2d Cir. July 8, 2020) ............... 9, 10

*Bowring v. Sapporo U.S.A., Inc.,*
   234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) .............................................................. 16

*Buonasera v. Honest Co., Inc.,*
   208 F. Supp. 3d 555, 568 (S.D.N.Y. 2016) .............................................................. 16

*Cali v. Chrysler Grp. LLC,*
   2011 U.S. Dist. LEXIS 5220 (S.D.N.Y. Jan. 18, 2011)........................................... 14

*Campbell v. Freshbev LLC,*
   332 F. Supp. 3d 330 (E.D.N.Y. 2018) ....................................................................... 8

*Campbell-Clark v. Blue Diamond Growers,*
   No. 1:18-cv-5577-WFK, 2019 U.S. Dist. LEXIS 233937
   (E.D.N.Y. Dec. 17, 2019) ........................................................................................... 7

*Campbell v. Whole Foods Mkt. Grp., Inc.,*
   516 F. Supp. 3d 370, 392
   (S.D.N.Y. 2021)......................................................................................................... 13

*Chufen Chen v. Dunkin' Brands, Inc.,*
   No. 17-CV-3808 (CBA) (RER), 2018 U.S. Dist. LEXIS 234591
   (E.D.N.Y. Sep. 17, 2018).......................................................................................... 14

FOLEYHOAGUS10506990.2

*Colella v. Atkins Nutritionals, Inc.,*
348 F. Supp. 3d 120 (E.D.N.Y. 2018) ..................................................................... 13

*Cosgrove v. Blue Diamond Growers,*
2020 U.S. Dist. LEXIS 229294 (S.D.N.Y. Dec. 7, 2020) ......................................... 7

*Cosgrove v. Or. Chai, Inc.,*
No. 19-cv-10686 (KPF), 2021 U.S. Dist. LEXIS 32229
(S.D.N.Y. Feb. 22, 2021) ......................................................................................... 6

*Davis v. Hain Celestial,*
297 F. Supp. 3d 327 (E.D.N.Y. 2018) ...................................................................... 8

*Dhir v. Carlyle Grp. Emple. Co.,*
No. 16-cv-06378, 2017 U.S. Dist. LEXIS 162386
(S.D.N.Y. Sept. 29, 2017) ......................................................................................... 5

*Elkind v. Revlon Consumer Prods. Corp.,*
No. 14-2484, 2015 U.S. Dist. LEXIS 63464 (E.D.N.Y. May 14, 2015) ................. 10

*Fermin v. Pfizer Inc.,*
215 F. Supp. 3d 209 (E.D.N.Y. 2016) ..................................................................... 4

*Fink v. Time Warner Cable,*
714 F.3d 739 (2d Cir. 2013) ..................................................................................... 4

*Freeman v. Time, Inc.,*
68 F.3d 285 (9th Cir. 1995) ..................................................................................... 4

*Hidalgo v. Johnson & Johnson Consumer Cos., Inc.,*
148 F. Supp. 3d 285 (S.D.N.Y. 2015) ..................................................................... 10

*In re Amla Litig.,*
282 F. Supp. 3d 751 (S.D.N.Y. 2017) ..................................................................... 10

*In re Frito-Lay North America All Natural Litigation,*
12-MD-2413, 2013 U.S. Dist. LEXIS 123824
(E.D.N.Y. Aug. 29, 2013) ................................................................................. 12, 15

*International Prods. Co. v. Erie R. R. Co.,*
244 N.Y. 331 (1927) ............................................................................................... 11

*J.A.O. Acquisition Corp. v. Stavitsky,*
8 N.Y.3d 144 (2007) ............................................................................................... 12

*Jessani v. Monini N. Am., Inc.,*
744 F. App'x 18 (2d Cir. 2018) ................................................................................. 4

iii

*Kennedy v. Mondelez Glob. LLC,*
   No. 19-CV-302-ENV-SJB, 2020 U.S. Dist. LEXIS 124538
   (E.D.N.Y. July 10, 2020) ................................................................................ 7

*Kimmell v. Schaefer*,
   89 N.Y.2d 257 (1996). ........................................................................... 11, 12

*Mandarin Trading Ltd. v. Wildenstein,*
   16 N.Y.3d 173 (2011) ...................................................................................... 17

*McBeth v. Porges,*
   171 F. Supp. 3d 216 (S.D.N.Y. 2016) ........................................................... 15

*Orlander v. Staples, Inc.,*
   802 F.3d 289 (2d Cir. 2015) ............................................................................ 4

*Parks v. Ainsworth Pet Nutrition, LLC,*
   377 F. Supp. 3d 241 (S.D.N.Y. 2019)........................................................... 12

*Pichardo v. Only What you Need, Inc.,*
   No. 20-cv-0493 (VEC), 2020 U.S. Dist. LEXIS 199791
   (S.D.N.Y. Oct. 27, 2020) ................................................................................. 7

*Price v. L'Oreal USA, Inc.,*
   No. 17-civ-0614, 2017 U.S. Dist. LEXIS 165931 (S.D.N.Y. Oct. 5, 2017) ........................... 16

*Reyes v. Crystal Farms Refrigerated Distrib. Co.*,
   No. 18-cv-2250, 2019 U.S. Dist. LEXIS 125971
   (E.D.N.Y. July 26, 2019) .............................................................................. 7, 8

*Sarr v. BEF Foods*,
   No. 18-cv-6409-ARR, 2020 U.S. Dist. LEXIS 25594
   (E.D.N.Y. Feb. 13, 2020)......................................................................... 4, 7, 15

*Schwartzco Enterprises LLC v. TMH Mgmt., LLC,*
   60 F. Supp. 3d 331 (E.D.N.Y. 2014) .............................................................. 15

*Silva v. Smucker Nat. Foods, Inc.,*
No. 14-CV-6154 (JG) (RML), 2015 U.S. Dist. LEXIS 122186
(E.D.N.Y. Sept. 14, 2015)................................................................................. 14

*Solak v. Hain Celestial Grp., Inc.*,
   No. 3:17-cv-0704-LEK-DEP, 2018 U.S. Dist. LEXIS 64270
   (N.D.N.Y. April 17, 2018).............................................................................. 7

*Steele v. Wegmans Food Markets, Inc.,*
    No. 1:19-cv-09227 (LLS), 2020 U.S. Dist. LEXIS 123637
    (S.D.N.Y. July 14, 2020) .......................................................................................... 7

*Tomasino v. Estee Lauder Cos., Inc.,*
    44 F. Supp. 3d 251 (E.D.N.Y. 2014) ...................................................................... 10

*Verzani v. Costco Wholesale Corp.,*
    No. 09-CV-2117, 2010 U.S. Dist. LEXIS 107699
    (S.D.N.Y. Sept. 28, 2010) ......................................................................................... 4

*Warren v. Whole Foods Mkt. Grp., Inc.,*
No. 19-CV-6448 (RPK) (LB), 2021 U.S. Dist. LEXIS 231930,
(E.D.N.Y. Dec. 3, 2021) ....................................................................................... 13-14

*Weisblum v. Prophase Labs, Inc.,*
    88 F. Supp. 3d 283 (S.D.N.Y. 2015) ...................................................................... 16

*Wynn v. Topco Assocs, LLC,*
    No. 19-cv-11104 (RA), 2021 U.S. Dist. LEXIS 9714
    (S.D.N.Y. Jan 19, 2021) ............................................................................................ 6

## Statutes & Regulations

New York General Business Law §§ 349 and 350 ....................................................... 4

U.C.C. § 2-314(c) ...................................................................................................... 14

U.C.C. § 2-314(f) ...................................................................................................... 14

v

## **INTRODUCTION**

Plaintiff alleges that Star Brands North America, Inc.'s[1] ("Star Brands'" or "Defendant's") white fudge covered pretzels ("White Fudge Covered Pretzels" or "Product") sold under the Flipz® brand ("Product") makes an implied claim that the Product's white fudge coating conforms to certain specific recipes for home-made fudge dating as far back as the Nineteenth Century.  Plaintiff contends that "fudge" must always contain butter or a specific proportion of milk, and that Star Brands therefore indirectly represents that the Product contains these ingredients in specific amounts.  As set forth below, Plaintiff is incorrect as a matter of law and as a matter of the understanding of a reasonable consumer, and as a result, has not plausibly alleged that any reasonable consumer would be deceived by the Product packaging complained of.  For this and other reasons described below, this case should be dismissed.

There are no absolute legal or canonical definitions for the ingredients in fudge. A reasonable consumer understands "fudge" in this context to refer to a soft candy coating having a certain flavor (usually chocolate, but in this case of "white" fudge, no particular flavor) and a specific soft, creamy texture.  Moreover, in the context of a packaged snack foods, reasonable consumers – even if there were a canonical traditional definition of home-made fudge – would not expect a fudge covering to conform to such a traditional, rustic definition.  Plaintiff himself recognizes that the Product contains milk fat (Dkt. 1 ¶¶39, 42, 43, 44, 46), even conceding that the Product "could" contain more dairy ingredients than vegetable oil. Dkt. 1 ¶46.  However, Plaintiff still alleges that the Product is misleading because "the fat content in the Product's

---

[1] Star Brands was erroneously named in the Complaint as Demet's Candy Company, LLC. Dkt. 1 ¶1, a now-defunct company whose name has not appeared on the Product for some years.

1

fudge is **not balanced** between vegetable fats and dairy ingredients." Dkt. 1 ¶43, (emphasis

added).  Plaintiff alleges absolutely no basis for the requirement that there be any particular

relative proportions or "balance" of different sources of fat in fudge, other than insisting that

every "fudge" recipe should conform to the ratio between vegetable fats and dairy ingredients

found in a specific Nineteenth Century recipe.  There is also nothing on the Product's label

representing that any particular ingredients are in the Product's fudge coating nor that it follows

any particular recipe.

Therefore, the term "White Fudge" cannot be understood (from a legal or common sense

perspective) as making any ingredient claim.  Plaintiff thus fails to allege plausibly under *Bell

Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), that

reasonable consumers would not consider something to be fudge just because it doesn't follow a

specific recipe.  The Complaint fails to allege plausibly that any false or misleading message is

communicated to consumers by the name of "White Fudge [Covered Pretzels]," and should be

dismissed for failure to state a claim.

Furthermore, Plaintiff's ancillary causes of action for preliminary injunction, negligent

misrepresentation, breach of warranty, fraud, and unjust enrichment fail because they are

improperly and inadequately pled and/or because they are inappropriate for the facts alleged by

Plaintiff, as set forth fully below.

## FACTUAL BACKGROUND

Star Brands markets and sells Flipz White Fudge Covered Pretzels.  Packaging for the

Product contains the statement "White Fudge Covered Pretzels" with a depiction of four pretzels

covered with a white fudge coating and a splash of white liquid on the upper-right corner of the

primary display panel.  There is no other relevant text or image on the Product's front label.

2

Plaintiff alleges that the word "fudge" on the Product's front label is false, deceptive and misleading because it gives consumers the impression that the Product contains a specific "balance" of vegetable oils and dairy ingredients which Plaintiff believes fudge must carry. Dkt. 1 ¶43. Plaintiff also implicitly alleges that there is only a *de minimis* amount of dairy ingredients in the Product, even though he also admits that the amount of milk and skim milk powder could exceed the quantity of vegetable oil. Dkt. 1 ¶¶46, 52, 94, 99, 111. Plaintiff apparently then clarifies his doubts about the proportion of vegetable oil and milk fat by engaging in a completely speculative mathematical "analysis" where he calculates the amount of solids milk allegedly has, "calculates" the amount of fat that is present in those solids and automatically concludes that the result is the amount of dairy fat in the Product. Dkt. 1 ¶¶46-51. Obviously, there is no basis to assume, and the Court need not credit the allegation, that these made-up calculations based on arbitrarily assigned values for how much milk was actually used in the Product, what type of milk was used, etc., have any legitimate basis. Plaintiff's completely fabricated basis for this allegation would raise issues under Fed. R. Civ. P. 11, if not for the fact that the allegation has no real bearing on Plaintiff's theory. Whether the Product's coating has more milk fat than vegetable oils, or vice versa, is irrelevant, just as it is irrelevant that sugar is the first-listed ingredient of all. The relevant points are that (a) there is no canonical recipe that reasonable consumers necessarily expect upon encountering the word "fudge" (especially in the context of packaged snack food products), and (b) the Product's front label does not make any ingredient claim that would lead a reasonable consumer to believe the Product's fudge coating was prepared according to a specific recipe. Again, all of the Product's ingredients are fully and properly disclosed on its ingredient statement. Dkt. 1 ¶39. "Fudge" is, in itself, not an

3

ingredient claim for any reasonable consumer.  It simply denotes a white candy food substance

having, in this case, a semi-hard texture.

## ARGUMENT

**I.      Plaintiff Fails to Allege a Plausible Deception**

### A.      Legal Standard

To prove conduct is materially misleading as required under New York General Business

Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably

under the circumstances" would be misled. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir.

2015).  "To state a claim, 'plaintiffs must do more than plausibly allege that a 'label might

conceivably be misunderstood by some few consumers.'"  *Sarr v. BEF Foods, Inc.,* No. 18-cv-

6409, 2020 U.S. Dist. LEXIS 25594, at *11 (E.D.N.Y. Feb. 13, 2020) (quoting *Jessani v. Monini*

*N. Am., Inc.,* 744 F. App'x 18, 19 (2d Cir. 2018)).  A court may determine as a matter of law that

an allegedly deceptive practice would not have misled a reasonable consumer.  *See Fink v. Time*

*Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  In so doing, courts consider the entire context

of the alleged misrepresentations, including disclaimers and other disclosures elsewhere on the

packaging.  *See Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 211-12 (E.D.N.Y. 2016); *Freeman v.*

*Time, Inc*., 68 F.3d 285, 289 (9th Cir. 1995) (considering both large and small print in ad in

dismissing consumer protection claims); *Verzani v. Costco Wholesale Corp*., No. 09-CV-2117,

2010 U.S. Dist. LEXIS 107699, at *5-7 (S.D.N.Y. Sept. 28, 2010) (considering entire label on a

food tray, which listed each item on the tray and its relative weight, in dismissing case alleging

that the food tray's "net weight" label referred only to one item in the tray, not all of the items on

the tray).

4

**A.    Plaintiff Has No Factual Basis for His Allegations about the Product's Label Representations nor the Expectations Reasonable Consumers May Derive from It**

Plaintiff makes several allegations that are untethered to any theory of liability, and unsupported by any credible factual basis.  Even on a Rule 12 motion, the Court need not credit conclusory allegations that contradict common knowledge and common sense.  *Dhir v. Carlyle Grp. Emple. Co.*, No. 16-cv-06378, 2017 U.S. Dist. LEXIS 162386, at *20-22 (S.D.N.Y. Sept. 29, 2017) (dismissing theory of fraud that "contradicts not only common sense, but also other allegations in Plaintiff's own complaint").

None of Plaintiff's substantive allegations have any factual support, plausibility, or merit; some are even contradicted by other allegations.  At times Plaintiff acknowledges the Product does have milkfat, even conceding that the Product could have more milk fat than vegetable oils. Dkt. 1 ¶¶39, 42, 43, 44, 46, 52.  At other times, Plaintiff alleges that the Product's coating has only a de minimis amount of milk fat.  Dkt. 1 ¶¶52, 94, 99, 111.  Regardless, no reasonable consumer would expect from reading the Product's label that its fudge coating necessarily entails the use of any specific recipe or ingredient.  The most cursory internet search confirms that fudge can be made using a wide variety of ingredients and substitutes including, for example, without sugar (https://thesugarfreediva .com/fabulous-sugar-free-fudge/), without butter (http://www.macro-chef.com/fudge/ chocolate-peanut-butter-protein-fudge/), and without milk (https://minimal istbaker.com/3-ingredient-chocolate-fudge-dairy-free/), (https://www.noracooks .com/veganfudge/), (https://beamingbaker.com/2-ingredient-5-minute-homemade-fudge-recipe-paleo-vegan-gluten-free-dairy-free/).

The existence of such a wide variety of fudge recipes indicates a fundamental truth about what fudge is and, consequently, what expectations reasonable consumers may have.  Fudge is

5

essentially a soft, sweet food product with a specific texture and characterized by a primary

flavor or flavors, often chocolate.  Its ingredients are so ill-defined that "fudge" is also an

English word for something that is ambiguous, uncertain or lacking in detail.  At most, fudge

could be understood as containing some sweet and fat-based ingredients that give it a soft

texture.  However, fudge can and often does contain different fat based ingredients in different

proportions to create the soft texture fudge is expected to have.  No reasonable consumer would

conclude that the Product is not fudge or something less than fudge because it was not made

according to a Nineteenth Century home-made fudge recipe.

### B.      No Reasonable Consumer Would Believe that "Fudge" Constitutes a Specific Ingredient Claim from a Legal Standpoint

Plaintiff's false advertising claims should be dismissed on the basis that no reasonable

consumer, from a legal standpoint, would interpret "fudge" as making any specific ingredient

claim.  Firstly, fudge does not have a standard of identity. *Cf., e.g.,* 21 C.F.R. §163.130 (standard

of identity for milk chocolate).  Furthermore, this Court has consistently held in analogous cases

that references to a product's flavoring do not imply the use of any specific ingredient or the

presence of any ingredient in specific quantities.  *See, e.g., Cosgrove v. Or. Chai, Inc.*, No. 19-

cv-10686 (KPF), 2021 U.S. Dist. LEXIS 32229 (S.D.N.Y. Feb. 22, 2021) (dismissing case and

finding the "vanilla" labeling on a chai tea latte vanilla mix that included representations that it

contained natural flavors did not lead to consumers to believe that the company used vanilla

beans as a primary or exclusive ingredient for vanilla flavoring); *Wynn v. Topco Assocs, LLC*,

No. 19-cv-11104 (RA), 2021 U.S. Dist. LEXIS 9714 (S.D.N.Y. Jan 19, 2021) (dismissing case

and concluding that a product labeled "Vanilla Almondmilk" would not lead a reasonable

consumer to believe the product is flavored exclusively with real vanilla); *Barreto v. Westbrae*

6

*Natural, Inc.*, No. 1:19-cv-09677 (PKC), 2021 U.S. Dist. LEXIS 3436 (S.D.N.Y. Jan. 7, 2021) (dismissing case and finding a "vanilla soymilk" label would not lead a reasonable consumer to believe the vanilla flavor was solely from the vanilla plant); *Cosgrove v. Blue Diamond Growers*, 2020 U.S. Dist. LEXIS 229294 (S.D.N.Y. Dec. 7, 2020) (dismissing case and finding that the Product is not misleading because a reasonable consumer would associate the representation of "Vanilla" to refer to a flavor and not to vanilla beans or vanilla extract as an ingredient); *Pichardo v. Only What You Need*, Inc., No. 20-cv-493 (VEC), 2020 U.S. Dist. LEXIS 199791 (S.D.N.Y October 27, 2020) (dismissing case alleging misleading "vanilla" flavor designator on a protein vanilla-flavored drink); *Steele v. Wegmans*, No. 1:19-cv-09227 (LLS), 2020 U.S. Dist. LEXIS 123637 (S.D.N.Y. July 14, 2020) (dismissing case alleging misleading "vanilla" flavor designator on ice cream); *Kennedy v. Mondelez Glob. LLC*, No. 19-CV-302-ENV-SJB, 2020 U.S. Dist. LEXIS 124538 (E.D.N.Y. July 10, 2020) (dismissing claims that the terms "graham," "graham crackers," and "8g of whole grain per 31g serving" are misleading and deceptive); *Sarr v. BEF Foods*, No. 18-cv-6409-ARR, 2020 U.S. Dist. LEXIS 25594 (E.D.N.Y. Feb. 13, 2020) (dismissing case against a "made with real butter" food label claim because it would not communicate a misleading message to a reasonable consumer); *Campbell-Clark v. Blue Diamond Growers*, No. 1:18-cv-5577-WFK, 2019 U.S. Dist. LEXIS 233937 (E.D.N.Y. Dec. 17, 2019) (dismissing allegations that packaging for "nut and rice" crackers implicitly overstated their nut content); *Solak v. Hain Celestial Grp., Inc.*, No. 3:17-cv-0704-LEK-DEP, 2018 U.S. Dist. LEXIS 64270, at *8-36 (N.D.N.Y. April 17, 2018) (name of "veggie straws" snacks and images of vegetables are truthful in that they imply the snacks are made from vegetables, and do not reasonably imply that the snacks contain fresh, whole, ripe vegetables); *Campbell v. Freshbev LLC*, 332 F. Supp. 3d 330, 341 (E.D.N.Y. 2018) (truthful claim that a juice is "cold-

7

pressed" does not imply that it is only cold-pressed, and not also processed in any other way). It follows that this suit should also be dismissed as a matter of law.

Judge Garaufis in this District considered, and dismissed, another analogous case, alleging that a "made with real butter" claim on a mashed potato product implied the presence of no other fats in the product. *Reyes v. Crystal Farms Refrigerated Distrib. Co.,* No. 18-cv-2250, 2019 U.S. Dist. LEXIS 125971, at *8-11. In *Reyes*, the Court noted that the "made with real butter" claim on the Diner's Choice mashed potato product is truthful, and that "a reasonable consumer who was concerned about whether the mashed potatoes contained margarine would know that 'the devil is in the details' and thus would check the ingredients label." *Id.* at *9 (citing *Davis v. Hain Celestial*, 297 F. Supp. 3d 327, 334 (E.D.N.Y. 2018)). The *Reyes* Court held that the proper analysis starts with whether the element challenged by the plaintiff is misleading, concluding that "made with real butter" is not misleading on a product that is made with real butter. *Reyes*, at *8-11. If the allegedly misleading element is "ambiguous," a clarification on another part of the label may dispel any confusion. *Id.* at *8-10. The clearly visible disclosure of vegetable oils as well as milk in the Product's ingredient statement dispels any confusion as to what fudge recipe the Product follows. *Id.*

These cases are analogous because they dealt with unreasonable interpretations of what a given term on a food product's label entails. Those "vanilla" and "made with" cases involved claims where the plaintiffs alleged they were misled into believing that the food products had specific ingredients. This Court consistently held that such an expectations are unreasonable because the food products' labels made no specific ingredient claims that would lead a reasonable consumer to have such an expectation. Here, the Product's front label also does not make any explicit ingredient claim that would lead consumers to believe that the Product's fudge

8

coating uses any specific ingredient or was made following a specific recipe.  The Product's fudge coating itself also contains the fat-based "core" ingredients that could implicitly be expected in all kinds of fudge recipes.  Dkt. ¶ 39.  Again, even Plaintiff recognized that the Product has milk.  Dkt. 1 ¶¶39, 42, 43, 44, 46, 52.  It is unreasonable to expect that a mass produced fudge product, making no specific ingredient claim, would be expected to follow a Nineteenth Century home-made fudge recipe.  Plaintiff therefore has not pled plausibly that any reasonable consumer would be deceived in the manner described in the Complaint.

### II.    Plaintiff Has No Standing to Seek Injunctive Relief

Any question as to whether Plaintiff, who is a past purchaser now informed of the alleged deception, has standing to seek injunctive relief has been resolved by the Second Circuit Court of Appeals' decision in *Berni v. Barilla S.p.A., et al. v. Schulman*, No. 19-cv-1921, 2020 U.S. App. LEXIS 21167 (2d Cir. July 8, 2020).  In that case, the Court ruled that a Rule 23(b)(2) injunction class of past purchasers in a G.B.L. § 349 deception suit cannot be certified because the injunction would not benefit all class members, at least some of whom have learned of the alleged deception and are not at risk of future injury.  In reaching this decision, the Second Circuit held that "injunctive relief is not proper" as to such plaintiffs, *id*. at *14, and that such plaintiffs lack standing to seek injunctive relief for the same reason.  *Id.* at *14 & n.36.  The Second Circuit went further to disapprove and effectively overrule cases such as *In re Amla Litigation.*, 282 F. Supp. 3d 751 (S.D.N.Y. 2017) and *Ackerman v. Coca-Cola Co.*, No. 09-cv-395, 2013 WL 7044866 (E.D.N.Y. July 18, 2013), where courts "have been hesitant to find that past purchasers cannot obtain injunctive relief."  *Berni*, 2020 U.S. App. LEXIS 211 at *12-13 & n.30.

9

The Second Circuit's *Berni* decision applies to and controls this case, which, like *Berni*, is a N.Y. G.B.L. § 349 action alleging consumer deception and seeking prospective injunctive relief for past purchasers, both as individuals and as a class.  For purposes of the application of the *Berni* rule, the particular form of the consumer deception (i.e. false labeling or slack fill) is immaterial.  As was the case with the *Berni* plaintiffs, Plaintiff in this case is a "past purchaser[] of a product…[who is] not likely to encounter future harm of the kind that makes injunctive relief appropriate."  *Berni* U.S. App. LEXIS 21167, at 13.

In accordance with this recent decision, Plaintiff has no standing to seek injunctive relief.  Even prior to the *Berni* decision, district courts in the Second Circuit have dismissed claims for injunctive relief in false advertising cases where, as here, the plaintiffs are now aware of the alleged misrepresentations that they challenge and therefore there is no danger that they will again be deceived by them.  *See Alce v. Wise Foods, Inc.,* No. 17 Civ. 2402 (NRB), 2018 U.S. Dist. LEXIS 54009 (S.D.N.Y. Mar. 27, 2018) ("Consumers who were misled by deceptive food labels lack standing for injunctive relief because there is no danger that they will be misled in the future"); *Elkind v. Revlon Consumer Prods. Corp.*, No. 14-2484, 2015 U.S. Dist. LEXIS 63464, at *8 (E.D.N.Y. May 14, 2015); *Hidalgo v. Johnson & Johnson Consumer Cos., Inc.*, 148 F. Supp. 3d 285, 295-96 (S.D.N.Y. 2015) ("A plaintiff lacks standing to bring an action for injunctive relief when, as here, she does not allege that she will suffer any future injury as a result of defendant's continued conduct"); *Tomasino v. Estee Lauder Cos., Inc.*, 44 F. Supp. 3d 251, 256 (E.D.N.Y. 2014) (denying standing because plaintiff "has made clear that she does not believe the ANR products have the effects advertised by Estee Lauder").  Accordingly, Plaintiff's claim for injunctive relief should be dismissed.

10

### III.     Plaintiff's Ancillary Causes of Action are Improperly Pled and/or Inappropriate

Plaintiff alleges several common-law causes of action that piggyback on the facts of its main claim lodged under state consumer protection statutes.  These ancillary claims all fail because Plaintiff's core theory of deception fails.  Even if Plaintiff's deception theory held water, however, the ancillary claims would have to be dismissed because they are inadequately or improperly pled and/or simply inappropriate to the fact pattern Plaintiff alleges.

### A.     Plaintiff Fails to State a Claim for Negligent Misrepresentation.

Plaintiff's claim for negligent misrepresentation is inappropriate under these circumstances, in which Plaintiff alleges misstatements by an advertiser to a mass audience of consumers engaging in arm's-length transactions.  In New York, there must be a special relationship of confidence and trust to establish potential liability for negligent misrepresentation.  *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996) (requiring "special relationship" that places an exceptional duty of care on a speaker, such as where plaintiffs were investors in a limited partnership and defendant was attorney and director of an affiliated company who personally solicited plaintiffs as investors).  The duty to speak with care arises when "the relationship of the parties, arising out of a contract or otherwise, [is] such that in morals and good conscience the one has a right to rely upon the other for information."  *Id.* at 263, quoting *International Prods. Co. v. Erie R. R. Co.*, 244 N.Y. 331, 338 (1927).  To establish a claim for negligent representation the plaintiff must demonstrate "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180 (2011); *see also J.A.O. Acquisition*

11

*Corp. v. Stavitsky*, 8 N.Y.3d 144, 148 (2007); *Basis Yield Alpha Fund (Master) v. Goldman Sachs Grp., Inc.*, 115 A.D.3d 128, 141 (App. Div. 2014) (cause of action dismissed for complaint's lack of allegation of a relationship of trust and confidence between the parties). Negligent misrepresentation claims generally are lodged against individuals with a direct, one-on-one relationship with the plaintiff, especially professionals having special expertise, such as attorneys, accountants and consultants.  *Kimmell*, 89 N.Y.2d at 263-64.  Applying this theory where Plaintiff, and the putative class, are members of a mass audience of consumers, with no direct relationship to Star Brands, is improper, and the claim should be dismissed.

### B. Plaintiff Fails to State a Claim for Breach of Express Warranty or Implied Warranty of Merchantability

Plaintiff alleges that the Product "expressly and impliedly warranted to plaintiff and class members that it contained fudge, understood as being comprised of a non-de minimis amount of milk fat ingredients, instead of mostly vegetable oils." Dkt. 1 ¶ 99.  These are allegedly implied, not express, representations.  Express warranty claims must be founded on express representations – that is, a literal affirmation of fact or promise about the specific thing Plaintiff alleges to be untrue.  *See Parks v. Ainsworth Pet Nutrition, LLC,* 377 F. Supp. 3d 241, 248 (S.D.N.Y. 2019) ("Generalized statements by a defendant …. do not support an express warranty claim if they are such that a reasonable consumer would not interpret the statement as a factual claim upon which he or she could rely."); *In re Frito-Lay North America All Natural Litigation*, 12-MD-2413, 2013 U.S. Dist. LEXIS 123824, at *84-85 (E.D.N.Y. Aug. 29, 2013).

Firstly, Plaintiff failed to provide adequate pre-suit notice to Star Brands required to bring express or implied warranty claims.  Plaintiff merely stated that he "provided or will provide notice to defendant, its agents, representatives, retailers and their employees." Dkt. 1 ¶ 102.  "In

New York, 'a buyer must provide the seller with timely notice of an alleged breach of warranty.'" *Warren v. Whole Foods Mkt. Grp., Inc.*, No. 19-CV-6448 (RPK) (LB), 2021 U.S. Dist. LEXIS 231930, at \*22 (E.D.N.Y. Dec. 3, 2021) (quoting *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) (citing N.Y. U.C.C. § 2-607(3)(a) ("[T]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.")). Claims brought without notice must be dismissed. *Id.* at 144. "While [it] is true that several New York cases recognize a notice-requirement exception for retail sales, 'the exception appears to be exclusively applied where a party alleges physical, in addition to economic, injury.'" *Warren, supra,* quoting *Colella,* 348 F. Supp. 3d at 144.

Plaintiff's allegation that he "provided or will provide" notice, to apply an apropos term, certainly fudges the issue of whether Plaintiff provided proper pre-suit notice.  He, in fact, provided no such notice.  Furthermore, neither exception to the notice requirement applies because Plaintiff did not allege any personal injury nor can he merely depend on Star Brands' knowledge of the Product's own ingredients.

Plaintiff's claim for breach of implied warranty of merchantability must also be dismissed because of lack of pre-suit notice.  *Warren, No. supra*, at \*23-24, ("[F]ailure to provide presuit notice that dooms plaintiffs' express warranty claim is also fatal to plaintiffs' implied warranty claim") (referencing *Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 392 (S.D.N.Y. 2021) (collecting cases)). Moreover, "even if notice were given, when it comes to food, the seller only breaches its implied warranty of merchantability when the food is inedible." Warren, *supra*, at \*24. (citing *Silva v. Smucker Nat. Foods, Inc.*, No. 14-CV-6154 (JG) (RML), 2015 U.S. Dist. LEXIS 122186, 2015 WL 5360022, at \*11 (E.D.N.Y. Sept.

14, 2015) (citing *Ackerman v. Coca-Cola Co.*, No. 9-CV-0395 (JG) (RML), 2010 U.S. Dist. LEXIS 73156, 2010 WL 2925955, at *25 (E.D.N.Y. July 21, 2010)); *see also* U.C.C. § 2-314(c).  Plaintiff does not and cannot plead this.  The only other plausible argument for a breach of implied warranty of merchantability is that the Product does not "conform to the promise or affirmations of fact made on the container or label" (U.C.C. § 2-314(f)), which is just a restatement of the definition of an express warranty, and requires a literal affirmation or promise. These, again, were not pled; Plaintiff's case is based entirely on implied, not express, claims.

Plaintiff's Magnuson Moss Warranty Act ("MMWA") claim should also be dismissed because Plaintiff does not identify statements on the label that warrant a product free from defect, nor does anything on the labels constitute a promise that the product will meet a specified level of performance as required to state a sufficient MMWA claim.  The only statement Plaintiff identifies as constituting any warranty is that the Product is called "White Fudge Covered Pretzel," which is not sufficient to maintain a MMWA claim because the challenged statements are merely a product description and governed by the FDA, and not a "warranty" against a product defect over a specific time period.  *See Chufen Chen v. Dunkin' Brands, Inc*., No. 17-CV-3808 (CBA) (RER), 2018 U.S. Dist. LEXIS 234591, at *16 (E.D.N.Y. Sep. 17, 2018). Plaintiff's MMWA claim also fails because it is merely duplicative of his other warranty claims, which are deficient in themselves for the aforementioned reasons.  *See Cali v. Chrysler Grp*. LLC, 2011 U.S. Dist. LEXIS 5220, at *11 (S.D.N.Y. Jan. 18, 2011) (dismissing MMWA claims where underlying state-law claims were dismissed).

### C.    Plaintiff Fails to State a Claim for Fraud

Plaintiff's claim for fraudulent misrepresentation fails because he has not pled fraud with the required specificity.  "To state a cause of action for fraudulent misrepresentation under

New York law, a plaintiff must allege 'a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury.'" *McBeth v. Porges*, 171 F. Supp. 3d 216, 225 (S.D.N.Y. 2016) quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006).   Claims of fraud "must be pled with particularity" beyond that of a normal claim. *Schwartzco Enterprises LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 344 (E.D.N.Y. 2014). Further, under Fed. R. Civ. P. 9(b), Plaintiff must plead "details that 'give rise to a strong inference that the defendant[] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.'" *Id.*, quoting *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013).

New York courts have held that in false-advertising cases involving mass-marketed products, allegations that the defendant was commercially motivated to increase its market share, to satisfy consumer desires and expectations, and to increase its sales and profits do not give rise to the necessary strong inference that the defendant had an intent to defraud.  *See Sarr*, 2020 U.S. Dist. LEXIS 25594 at 26-27, citing *In re Frito-Lay*, 2013 U.S. Dist. LEXIS 123824, at *25 and *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 268 (2d Cir. 1996).  Plaintiff here does not even do this. His only allegation of fraudulent intent just circularly reiterates his allegation of a false or misleading statement:  "Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations."  Dkt. 1 ¶112.  No basis for any finding of "strong inference of intent to defraud" is pled.

### D.   Plaintiff Fails to State a Claim for Unjust Enrichment

Plaintiff's claim for unjust enrichment must fail because it is duplicative of his fraud and false advertising claims.  An unjust enrichment claim is not available where it simply replicates

another claim.  *See Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 296-97 (S.D.N.Y.

2015) (dismissing unjust enrichment claim that was duplicative of GBL claims); *Bowring v.

Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (same).  This rule has been

repeatedly applied by New York's federal courts to dismiss add-on unjust enrichment claims in

cases similar to the current one.  *See, e.g.*, *Price v. L'Oreal USA, Inc.*, No. 17-civ-0614, 2017

U.S. Dist. LEXIS 165931, at *13 (S.D.N.Y. Oct. 5, 2017) ("All of the claims in the Complaint

are based on the same alleged misrepresentation by Defendants that the Products contain keratin.

Accordingly, Plaintiff's New York unjust enrichment claim is dismissed as duplicative.");

*Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 568 (S.D.N.Y. 2016) (dismissing unjust

enrichment claim on the grounds that it was duplicative).

## CONCLUSION

For the foregoing reasons, Star Brands respectfully requests that this Court grant its

motion to dismiss Plaintiff's Complaint.

Dated: December 21, 2021                    Respectfully submitted,

                                            */s/ August T. Horvath*
                                            August T. Horvath (AH 8776)
                                            *ahorvath@foleyhoag.com*
                                            FOLEY HOAG LLP
                                            1301 Sixth Avenue, 25th Floor
                                            New York, New York 10019
                                            Tel:  (646) 927-5500
                                            Fax (646) 927-5599

                                            *Attorneys for Defendant Star Brands North
                                            America, Inc.*

16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 21st day of December 2021, a true and correct copy of the foregoing document has been served on counsel of record by electronic mail at the addresses entered by counsel of record for ECF service in this matter.


<u>*/s/ August T. Horvath*      </u>
August T. Horvath